IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS MARK BALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-3242-SSA-CV-S-WAK |
| ) | |
| JO ANNE B. BARNHART, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Claimant Thomas Mark Bales seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq.* He claims he became disabled beginning on March 20, 2002. The parties' briefs were fully submitted, and on August 15, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Thomas Mark Bales was born in 1973 and has an approximately 10th grade education, in special education classes. He has work experience as a display fabricator, packer, tire repairer, material handler, sawmill worker and forging press operator. He claims he is unable to work because of bronchitis, brain injury and a loss of hearing in his right ear.

The Administrative Law Judge (ALJ) found Bales had "asthmatic bronchitis controlled by medication, a possible bilateral hearing loss compensated by hearing aids, and a probable but mild to borderline organic brain disorder with mild cognitive functioning loss." (Tr. at 23.) He

determined Bales could perform simple, repetitive tasks without close contact with the general public, but should have some environmental restrictions because of his asthma. These limitations did not preclude his former work as a bottle packer at a plastics plant.

Bales asserts the ALJ erred by not giving more weight to the opinion of Dr. Smith, in finding that he could return to his former work, and in not ordering objective testing for claimant's organic mental disorder. He asserts there is not substantial evidence on the record as a whole to support the administrative decision.

The medical records in this case do not show claimant was treated for symptoms associated with organic brain syndrome, depression or other mental disorders. Most of his medical treatment was related to asthma or bronchitis, and he worked after the traumas which allegedly caused or contributed to his organic brain syndrome. Furthermore, he applied for and received unemployment benefits, thus representing he was capable of working, during a portion of the period after his alleged disability onset date.

Nevertheless, in August 2003, Vann Smith, PhD., conducted a neuropsychological examination and concluded that claimant's symptoms were consistent with an old traumatic brain insult and interfered with his ability to carry out the routine activities of daily living in a consistent manner. Smith advised additional neuro-investigative follow-up to rule out complex partial seizure variant. The ALJ found Smith's report to be less than totally credible. Smith was hired by claimant's attorney, Smith did not treat claimant, and much of Smith's report was based on claimant's subjective allegations.

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996); Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir. 1995). The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole. Bentley, 52 F.3d at 786." Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001).

This case is difficult because of the lack of medical records related to claimant's mental condition and his troubled work history. Some of the problems Bales encountered in relationships and at work may have been associated with his mental condition or they may have been associated with a bad attitude over which Bales had control. Given what appears to have

3

been some objective testing done by Smith, the ALJ should have further developed the record to better determine the validity of that testing before significantly discounting Smith's conclusions.

Although this court may not make a de novo review of the evidence, it may not sustain the agency decision unless there is substantial evidence on the record as a whole to support it. In light of Smith's report and the absence of any conflicting medical opinion, the court finds there is not substantial evidence on the record as a whole to support the agency decision. Upon remand, the agency should consider further developing the record by obtaining additional medical records or testing to better determine whether claimant has severe impairments related to his brain disorder and to determine his residual functional capacity in light of those impairments.

For these reasons and those set forth in more detail at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further consideration and possible development of the record relating to claimant's organic brain disorder.

Dated this 23rd day of August, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4